UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
KENT DAVIS,

                              Plaintiff,

                     -against-

CITY OF NEW YORK; Sergeant FORREST HIRSCH, Shield No. 1210; Police Officer MALLORY TRUMAN, Shield No. 4360; Police Officer MOHAMMED RIOS, Shield No. 1137; Police Officer CONRAD NARCISSE, Shield No. 7812; Police Officer WILLIAM SITZMAN, Shield No. 5064; and JOHN and JANE DOE 1 through 10, individually and in their official capacities (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                             Defendants.
------------------------------------------------------------------ x

**FIRST AMENDED COMPLAINT**

14 CV 1699 (JG) (SMG)

Jury Trial Demanded

Plaintiff, by his attorneys, Harvis Wright & Fett LLP, alleges the following, upon information and belief, as his complaint:

## NATURE OF THE ACTION

1. This is an action to recover money damages arising out of the violation of plaintiff's rights under the Constitution.

## JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States.

3. The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343 and 1367(a).

4. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

5. This Court has supplemental jurisdiction over the New York State claims pursuant to 28 U.S.C. § 1367.

## JURY DEMAND

6. Plaintiff demands a trial by jury in this action.

## PARTIES

7. Plaintiff Kent Davis ("plaintiff" or "Mr. Davis") is a resident of Kings County in the City and State of New York.

8. Defendant City of New York is a municipal corporation organized under the laws of the State of New York. It operates the NYPD, a department or agency of defendant City of New York responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named defendants herein.

9. Defendant Sergeant Forrest Hirsch, Shield No. 1210 ("Hirsch"), at all times relevant herein, was an employee of the NYPD. Defendant Hirsch is sued in his individual and official capacities.

10. Defendant Police Officer Mallory Truman, Shield No. 4360 ("Truman"), at all times relevant herein, was an employee of the NYPD. Defendant Truman is sued in his individual and official capacities.

11. Defendant Police Officer Mohammed Rios, Shield No. 1137 ("Rios"), at all times relevant herein, was an employee of the NYPD. Defendant Rios is sued in his individual and official capacities.

12. Defendant Police Officer Conrad Narcisse, Shield No. 7812 ("Narcisse"), at all times relevant herein, was an employee of the NYPD. Defendant Narcisse is sued in his individual and official capacities.

13. Defendant Police Officer William Sitzman, Shield No. 5064 ("Sitzman"), at all times relevant herein, was an employee of the NYPD. Defendant Sitzman is sued in his individual and official capacities.

14. At all times relevant defendants John and Jane Doe 1 through 10 were police officers, detectives or supervisors employed by the NYPD. Plaintiff does not know the real names and shield numbers of defendants John and Jane Doe 1 through 10.

15. At all times relevant herein, defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of the City of New York and the

NYPD. Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

16. At all times relevant herein, all individual defendants were acting under color of state law.

## NOTICE OF CLAIM

17. On or about December 20, 2013, and within ninety days after the claims arose, plaintiff filed a Notice of Claim upon defendant City of New York, by delivering copies thereof to the person designated by law as a person to whom such claims may be served.

18. The Notice of Claim was in writing and was sworn to, and contained the name and post office address of the plaintiff.

19. The Notice of Claim set out the nature of the claims, the time when, the place where and manner by which the claims arose, and damage and injuries claimed to have been sustained.

20. At least thirty days have elapsed since the service of the notice of claim, and adjustment or payment of the claim has been neglected or refused.

21. This action was commenced within one year and ninety days after the happening of the events upon which the claims are based.

## **STATEMENT OF FACTS**

22. At approximately 5:30 p.m. on September 23, 2013, Kent Davis was lawfully in Fulton Park, located between Lewis and Stuyvesant Avenues and Fulton and Chauncey Streets in Brooklyn, New York, when the individual defendants unlawfully detained, searched, and arrested plaintiff, and thereafter caused him to be prosecuted on the false charge of attempted tampering with physical evidence.

23. Mr. Davis, who is fifty-five years of age, regularly played chess in Fulton Park before his September 2013 arrest.

24. On September 23, 2013 at and around 5:30 p.m., Mr. Davis had recently completed a chess game when the individual defendants entered Fulton Park. One of the officers falsely claimed that Mr. Davis had marijuana, and Mr. Davis was detained, questioned, searched and arrested, apparently on the false claim that he had thrown away or destroyed marijuana.

25. Despite that Mr. Davis had done nothing unlawful, that the defendants had not seen plaintiff do anything unlawful, and that no contraband or evidence of a crime was discovered during the unlawful search, Kent Davis was nonetheless arrested by the individual defendants and taken to the 81st Precinct Stationhouse.

26. At the Stationhouse, the individual defendants, including defendant Hirsch, prepared or allowed to be prepared false police reports accusing Mr. Davis of attempted tampering with evidence.

27. While at the Stationhouse, one or more of the individual defendants caused or allowed Mr. Davis to be strip-searched, that is, plaintiff was ordered to and did disrobe and display his naked body.

28. Mr. Davis was imprisoned overnight and was, sometime before 9:00 a.m., taken to Brooklyn Central Booking to await arraignment.

29. While Mr. Davis was awaiting arraignment, defendant Hirsch caused and the other individual defendants allowed false statements to be made to the Kings County District Attorney's Office.

30. The misrepresentations caused plaintiff to be prosecuted under Kings County Criminal Court Docket Number 2013KN073332 on the false charge of attempted tampering with evidence (N.Y.P.L. § 215.40(2), an E felony).

31. After approximately thirty hours in custody, plaintiff was arraigned on the false charge, released and required, under threat of issuance of an arrest warrant and of arrest, to appear in Criminal Court to defend against the false charges.

32. Mr. Davis went to Criminal Court on November 6, 2013, January 9, 2014, and February 19, 2014, when the prosecution was adjourned in contemplation of dismissal.

33. The individual defendants, despite having a reasonable opportunity to do so, took no action to prevent, end, or truthfully report the unlawful stop, arrest, search, and prosecution of Mr. Davis.

34. The individual defendants' acts and omissions caused the plaintiff to suffer loss of liberty, mental and emotional upset and trauma, fear, humiliation, and deprivation of his constitutional rights, among other injuries. Plaintiff suffered the indignities and debasement of the arrest-to-arraignment process and the anxiety caused by the false testimony and evidence.

35. The individual defendants, at all times relevant, and in stopping, arresting, imprisoning, and strip-searching Mr. Davis, and in offering false evidence to the District Attorney and Criminal Court Judges, acted intentionally, willfully, maliciously, negligently, and with reckless disregard for and deliberate indifference to plaintiff's rights and physical and mental well-being.

## FIRST CLAIM
### Unlawful Stop and Search

36. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

37. Defendants violated the Fourth and Fourteenth Amendments because they stopped and searched plaintiff without reasonable suspicion.

38. As a direct and proximate result of this unlawful conduct, plaintiff sustained damages herein before alleged.

## SECOND CLAIM
### False Arrest

39. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

40. Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiff without probable cause.

41. As a direct and proximate result of this unlawful conduct, plaintiff sustained damages hereinbefore alleged.

## THIRD CLAIM
### State Law False Imprisonment and False Arrest

42. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

43. By their conduct, as described herein, the individual defendants are liable to plaintiff for falsely imprisoning and falsely arresting plaintiff.

44. Plaintiff was conscious of his confinement.

45. Plaintiff did not consent to his confinement.

46. Plaintiff's confinement was not otherwise privileged.

47. Defendant City of New York, as an employer of the individual defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

48. As a direct and proximate result of the misconduct and abuse of authority stated above, plaintiff sustained damages alleged herein.

## FOURTH CLAIM
### Unlawful Strip Search

49. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

50. The defendants violated the Fourth and Fourteenth Amendments because they unlawfully subjected plaintiff to a strip search without legal justification.

51. As a direct and proximate result of this unlawful conduct, plaintiff sustained damages hereinbefore alleged.

## FIFTH CLAIM
### State Law Assault and Battery

52. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

53. By their conduct, as described herein, the defendants are liable to plaintiff for having assaulted and battered her.

p

54. Defendant City of New York, as an employer of the individual defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

55. As a direct and proximate result of the misconduct and abuse of authority stated above, plaintiff sustained damages alleged herein.

## SIXTH CLAIM
### Denial Of Constitutional Right To Fair Trial

56. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

57. The individual defendants created false evidence against plaintiff.

58. The individual defendants forwarded false evidence to prosecutors in the Kings County District Attorney's office.

59. In creating false evidence against plaintiff, and in forwarding false information to prosecutors, the individual defendants violated plaintiff's constitutional right to a fair trial under the Due Process Clause of the Fifth, Sixth and Fourteenth Amendments of the United States Constitution.

60. As a direct and proximate result of this unlawful conduct, plaintiff sustained damages hereinbefore alleged.

## SEVENTH CLAIM
**Malicious Abuse Of Process**

61. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

62. The individual defendants issued legal process to place plaintiff under arrest.

63. The individual defendants arrested plaintiff in order to obtain collateral objectives outside the legitimate ends of the legal process, to wit, to cover up their unlawful conduct.

64. The individual defendants acted with intent to do harm to plaintiff without excuse or justification.

65. As a direct and proximate result of this unlawful conduct, plaintiff sustained damages hereinbefore alleged.

## EIGHTH CLAIM
**Negligent Hiring/Training/Retention**

66. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

67. Defendant City, through the NYPD, owed a duty of care to plaintiff to prevent the conduct alleged, because under the same or similar circumstances a reasonable, prudent, and careful person should have anticipated that injury to plaintiff or to those in a like situation would probably result from the foregoing conduct.

68. Upon information and belief, all of the individual defendants were unfit and incompetent for their positions.

69. Upon information and belief, defendant City knew or should have known through the exercise of reasonable diligence that the individual defendants were potentially dangerous.

70. Upon information and belief, defendant City's negligence in screening, hiring, training, disciplining, and retaining these defendants proximately caused each of plaintiff's injuries.

71. As a direct and proximate result of this unlawful conduct, plaintiff sustained damages hereinbefore alleged.

## NINTH CLAIM
### Failure To Intervene

72. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

73. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

74. Accordingly, the defendants who failed to intervene violated the Fourth, Fifth, Sixth, and Fourteenth Amendments.

75. As a direct and proximate result of this unlawful conduct, plaintiff sustained damages hereinbefore alleged.

## TENTH CLAIM
### Improper Supervision of Subordinates

76. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

77. At all times relevant, defendant Hirsch was employed as a Sergeant by the New York City Police Department with supervisory authority over and responsibility for the conduct of the other individual defendants.

78. Defendant Hirsch failed to properly supervise his subordinates or to otherwise take action to remedy the wrong done to the plaintiff.  Defendant Hirsch was grossly negligent in supervising the other individual defendants by, among other things, failing to properly report upon the incident and failing to take any disciplinary action against the other individual defendants.

79. As a direct and proximate result of this unlawful conduct, plaintiff sustained damages hereinbefore alleged.

## **PRAYER FOR RELIEF**

**WHEREFORE**, plaintiff respectfully requests judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.

Dated: June 6, 2014
New York, New York

HARVIS WRIGHT & FETT LLP

_____
Gabriel Harvis
305 Broadway, 14th Floor
New York, New York 10007
(212) 323-6880
gharvis@hwandf.com

*Attorneys for plaintiff*